UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


BITUMINOUS FIRE AND MARINE
INSURANCE COMPANY AND BITUMINOUS
CASUALTY CORPORATION                                    PLAINTIFFS


VS.                                 CIVIL ACTION NO. 4:06CV67TSL-LAA


WARREN E. HUTTO, PATRICIA HUTTO,
LARRY STANLEY, BARBARA STANLEY,
LAB DISCOUNT DRUG, INC., STANLEY
DISCOUNT DRUGS, INC., CHRISTAL WEBB
BLACKWELL, BONNIE MARY RILES, AND
K.W., A MINOR BY AND THROUGH JEFF
AND AMY WILLIAMS, HER NATURAL PARENTS                   DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiffs

Bituminous Fire and Marine Insurance Company and Bituminous

Casualty Corporation (Bituminous) for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure.  In this motion,

Bituminous contends that it is entitled to summary judgment that

it does not owe any duties (including any duty to defend or

indemnify) to any of the defendants for any claims arising out of

the alleged molestation of Christal Webb Blackwell, Bonnie Mary

Riles and Katherine Williams by Warren Hutto.  One group of

defendants, Lab Discount Drug, Warren E. Hutto and Patricia Hutto,

has confessed the motion.  Another group, Larry Stanley, Barbara

Stanley and Stanley Discount Drugs, has responded in opposition to the motion.

The Stanley defendants admit that since they have been dismissed as defendants in the underlying actions, plaintiffs' request for a declaratory judgment regarding any indemnity obligation under the contracts of insurance presently before this court is moot.  They contend, however, that there remain issues of fact regarding plaintiffs' duty to defend (or to reimburse defendants' defense costs) as to at least some of the claims in the underlying litigation, which issues preclude summary judgment. To the point, while these defendants agree that plaintiffs had no duty to defend any intentional conduct alleged in the underlying complaints, and confess the motion to this extent, they contend that there remains the issue of whether plaintiffs owed a duty to defend them in the underlying actions to the extent the complaints in those suits alleged negligence on the part of these defendants.

This court addressed this exact issue in a declaratory judgment action brought by Maryland Casualty Company against these very defendants seeking an adjudication that the claims in the very same underlying actions were not covered under its policy. In Maryland Casualty Co. v. Lab Discount Drug, et al., Civil Action No. 4:06CV59TSL-JMR (S.D. Miss. Nov. 15, 2006), the court acknowledged the Fifth Circuit's opinion in American Guaranty and Liability Insurance Co. v. 1906 Co., 129 F.3d 802, 810 (5th Cir.

2

1997), in which the court predicted that the Mississippi Supreme Court would hold that "where negligence claims against an employer, such as negligent hiring, negligent training, and negligent entrustment, are related to and interdependent on the intentional misconduct of an employee, the 'ultimate question' for coverage purposes is whether the employee's intentional misconduct itself falls within the definition of an occurrence". Based on this principle, this court in Maryland Casualty observed and held as follows:

> It is true that the underlying complaints charge that these defendants were negligent in various ways. However, all of the factual allegations against these defendants, whether characterized as negligence or intentional conduct, are grounded on and arise from Hutto's alleged acts of sexual molestation. Accordingly, under applicable Mississippi law, just as the policy does not extend coverage to Warren Hutto, it likewise affords his codefendants (the Stanleys and Stanley Discount Drugs) no coverage.

The pertinent policy provisions herein are not practically distinguishable from the policies at issue in Maryland Casualty, and the facts presented are identical. Accordingly, for the reasons explained more fully in Maryland Casualty, the court concludes that the motion of Bituminous herein should be granted.

It is, therefore, ordered that the motion of Bituminous for summary judgment is granted.

3

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 23rd day of January, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE